IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LOYDALE KIRVEN, and
ESTEVEN GARCIA,

        Plaintiffs,

vs.                                             No. CV 19-00322 MV/KRS

SANTA ROSA DEPARTMENT OF CORRECTIONS,
SANTA FE DEPT OF CORRECTIONS,

        Defendants.

## PRO SE PRISONER
## CASE MANAGEMENT ORDER

THIS MATTER is before the Court *sua sponte*. The Court has received and docketed the civil rights complaint filed pro se by Plaintiffs Esteven Garcia and Loydale Kirven, on April 4, 2019. Plaintiffs shall include the case number, CV 19-00322 RB/KRS on all papers filed in this proceeding.

Plaintiffs must comply with the Federal Rules of Civil Procedure, the Local Rules of this Court, and any Order of the Court. Failure to comply with the Rules or Court Orders may result in dismissal of this case or other sanctions. Fed. R. Civ. P. 41(b); *see, also, Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir.1994). Plaintiffs are obligated to keep the Court advised of any changes in Plaintiffs' mailing addresses. Failure to keep the Court informed of Plaintiffs' correct address may also result in dismissal of the case or other sanctions. D.N.M. LR-Civ. 83.6.

Because Plaintiffs are prisoners proceeding pro se, the Court is obligated to conduct a preliminary screening of the Complaint. *See* 28 U.S.C. § 1915A. Whenever a prisoner brings a

civil action against government officials, the Court is obligated to screen the prisoner's complaint or petition. 28 U.S.C. § 1915A. Section 1915A states:

> "The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."
> . . .
> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b). The Court has a similar obligation to screen the complaint when a pro se plaintiff is proceeding without prepayment of fees and costs under 28 U.S.C. § 1915(e)(2):

> "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal—
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

Any request to the Court for relief must be in the form of a motion. Fed. R. Civ. P. 7(b). The filing of excessive motions may cause substantial delay in completion of the Court's preliminary screening and resolution of the case. Plaintiffs should avoid filing unnecessary motions. Requests for service of process, discovery, and submissions of proof are premature and unavailable prior to the Court's completion of its screening obligation. *See Jones v. Bock,* 549 U.S. 199, 213-214 (2007). If Plaintiffs' Complaint is not dismissed on initial screening, the Court will enter further orders governing service of process, discovery, and scheduling.

Based on the similarity of the handwriting and the mailing address of record, Plaintiff Loydale Kirven appears to be proceeding on behalf of Plaintiff Esteven Garcia.[1] A Plaintiff may not appear for, file on behalf of, or represent any Plaintiff in this case other than himself. "The right to proceed pro se in a civil action in federal court is guaranteed by 28 U.S.C. § 1654. [B]ecause *pro se* means to appear for one's self, [however,] a person may not appear on another person's behalf in the other's cause[;] rather, a person must be litigating an interest personal to him." *Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1299 (10th Cir. 2011). In *Fymbo v. State Farm Fire and Casualty Co.,* 213 F.3d 1320 (10th Cir.2000), the Tenth Circuit concluded that a litigant may bring his own claims to federal court without counsel, but not the claims of others because "the competence of a layman is 'clearly too limited to allow him to risk the rights of others.' " *Id.* at 1321 (quoting *Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir.1975)).

Plaintiffs should not send any letters to the Court other than transmittal letters or requests for information or copies. All mail relating to this case must be directed to the Clerk of the Court. Plaintiffs are not to send any mail directly to the assigned District Judge or the assigned Magistrate Judge.

**IT IS ORDERED** that this Case Management Order shall govern proceedings in this case until further order of the Court.

*Kevin Sweazea*
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff Kirven has filed approximately 19 cases in this Court between 2006 and the present. The handwriting in those cases appears to be the same handwriting as the Complaint in this case. *See* CV 06-01212 JB/WDS, CV 07-00958 JB/CG, CV 08-00187 WJ/RLG, CV 08-00878 RB/ACT, CV 12-01277 RB/CG, CV 13-00217 MCA/SMV, CV 14-00209 KG/RHS, CV 15-00080 JB/KK, CV 16-01110 JCH/KRS, CV 16-01162 MV/SMV,CV 16-01333 RB/GJF, CV 16-01361 KG/LF, CV 18-00971 KG/SMV, CV 18-01061 JB/KK, CV 18-01204 WJ/GJF, CV 19-00028 MV/SMV, CV 19-00321 KG/SCY, CV 19-00322 RB/KRS, CV 19-00324 KG/SMV.