# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

LOYDALE KIRVEN, and
ESTEVEN GARCIA,

      Plaintiffs,

vs.                                            No. CV 19-00322 MV/KRS

SANTA ROSA DEPARTMENT OF
CORRECTIONS, et al.,

      Defendants.

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court *sua sponte*. Plaintiff, Loydale Kirven and co-plaintiff, Esteven Garcia, filed this civil rights proceeding under 42 U.S.C. § 1983. (Doc. 1). Plaintiff did not pay the $400.00 filing fee or submit an application to proceed without prepayment of fees or costs pursuant to 28 U.S.C. § 1915. On April 10, 2019, the Court ordered Plaintiff to cure this deficiency within 30 days by either paying the $400.00 filing fee or submitting an application to proceed *in forma pauperis.* (Doc. 3). The Order advised Plaintiff that, if he failed to cure the deficiency within the 30-day time period, the Court could dismiss this proceeding without further notice. (Doc. 3 at 1). The Court also sent Plaintiff the forms for submitting an application under § 1915. (Doc. 3 at 2). Last, the Order reminded Plaintiff Kirven that he has accrued three strikes under 28 U.S.C. § 1915(g) and may only proceed *in forma pauperis* if he is in imminent danger of serious physical injury. (Doc. 3 at 1-2).

More than 30 days has elapsed since entry of the Court's Order to Cure Deficiency and Plaintiff has not paid the $400 filing fee, submitted an application to proceed *in forma pauperis*, or otherwise responded to the Court's April 10, 2019 Order.

1

A prisoner who has accrued three strikes under § 1915(g) may only proceed by prepaying the full filing fee. The only exception to the prepayment requirement in § 1915(g) applies to a prisoner who "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To meet that exception, a prisoner is required to make "specific, credible allegations of imminent danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179–80 (10th Cir. 2011). The language of the statute requires that the prisoner allege an imminent danger at the time he filed his complaint. *See Hafed*, 635 F.3d at 1179–80; *Andrews v. Cervantes,* 493 F.3d 1047, 1053–54 (9th Cir.2007); *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir.2003); *Malik v. McGinnis,* 293 F.3d 559, 562–63 (2d Cir.2002); *Abdul–Akbar v. McKelvie,* 239 F.3d 307, 313 (3d Cir.2001) (en banc); *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir.1999); *Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir.1998); *Baños v. O'Guin,* 144 F.3d 883, 885 (5th Cir.1998) (per curiam). Moreover, the imminent danger of serious physical injury must arise from the alleged actions of the named defendants in the case. *See White v. Colorado,* 157 F.3d 1226, 1231-32 (10th Cir.1998).

Under 28 U.S.C. §§ 1914(a) and 1915(a), the Court is required collect the filing fee from the Plaintiff or authorize Plaintiff to proceed without prepayment of the fee. A plaintiff who accrues three strikes under § 1915(g) may only proceed without prepayment of the fee if that plaintiff makes credible allegations of imminent danger of serious physical injury. Plaintiff has failed to pay the $400.00 filing fee, to submit an application to proceed that complies with § 1915(b), or to make credible allegations of imminent danger of serious physical injury. Therefore, the Court will order Plaintiff to show cause within twenty-one (21) days of the date of entry of this Order why this proceeding should not be dismissed for failure to comply with the requirements of 28 U.S.C. §§ 1914 and 1915 and with the Court's April 10, 2019 Order to Cure Deficiency. If

Plaintiff does not show cause within twenty-one (21) days, the Court may dismiss this case without further notice.

IT IS ORDERED that Plaintiff, Loydale Kirven, show cause, within twenty-one (21) days of entry of this Order, why his prisoner's civil rights complaint should not be dismissed for failure to comply with 28 U.S.C. §§ 1914 and 1915 and with the Court's April 10, 2019 Order to Cure Deficiency.

_____
UNITED STATES MAGISTRATE JUDGE