# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

LOYDALE KIRVEN, and
ESTEVEN GARCIA,

      Plaintiffs,

vs.                               No. CV 19-00322 MV/KRS

SANTA ROSA DEPARTMENT OF
CORRECTIONS, and SANTA FE
DEPARTMENT OF CORRECTIONS,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court pursuant to Rule 41(b) of the Federal Rules of Civil Procedure on the handwritten civil rights complaint filed by Plaintiffs, Loydale Kirven and Esteven Garcia, on April 4, 2019 (Doc. 1). The Court dismisses this case without prejudice for failure to comply with statutes, rules, and Court Orders, and failure to prosecute.

### Plaintiff Loydale Kirven

Plaintiff Loydale Kirven, along with Plaintiff Esteven Garcia, filed this civil rights proceeding under 42 U.S.C. § 1983. (Doc. 1).[1] Mr. Kirven did not pay the $400.00 filing fee or submit an application to proceed without prepayment of fees or costs pursuant to 28 U.S.C. § 1915. On April 10, 2019, the Court ordered Mr. Kirven to cure this deficiency within 30 days by either paying the $400 filing fee or submitting an application to proceed *in forma pauperis.* (Doc. 3). The Order advised Mr. Kirven that, if he failed to cure the deficiency within the 30-day time period,

---

[1] It is unclear from the record whether Mr. Garcia actually signed the complaint. *See* Doc. 1 at 3-4). The Court also notes that the Curry County Detention Center records suggest the name is spelled "Estevan," not "Esteven."

1

the Court could dismiss this proceeding without further notice. (Doc. 3 at 1). The Court also sent Mr. Kirven the forms for submitting an application under § 1915. (Doc. 3 at 2). The Order reminded Mr. Kirven that he has accrued three strikes under 28 U.S.C. § 1915(g) and, as a result, may only proceed *in forma pauperis* if he is in imminent danger of serious physical injury, 28 U.S.C. § 1915(g), and if his application makes "specific, credible allegations of imminent danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179–80 (10th Cir. 2011), *abrogated in part on other grounds, Coleman v. Tollefson,* 135 S. Ct. 1759 (2015). (Doc. 3 at 1-2).

Mr. Kirven did not pay the $400 filing fee, submit an application to proceed *in forma pauperis*, make credible allegations of imminent danger of serious physical injury, or respond, in any way, to the Court's April 10, 2019 Order. When 30 days had elapsed after entry of the Court's April 10, 2019 Order, on May 21, 2019, the Court entered an Order to Show Cause directing Mr. Kirven to explain, within 30 days, why his claims should not be dismissed for failure to comply with or respond to the Court's April 10, 2019 Order. (Doc. 9). To date, Mr. Kirven has not filed any explanation for his failure to comply, or otherwise responded to the Court's May 21, 2019 Order.

As a result of Mr. Kirven's continued failure to comply with the requirements of § 1915 or to respond to the Court's April 10, 2019 and May 21, 2019 Orders, the Court will dismiss Mr. Kirven's complaint without prejudice pursuant to Rule 41(b). *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003) (hold that the court may dismiss an action pursuant to Rule 41(b) for failure to comply with the rules of procedure or court orders).

## Plaintiff Esteven Garcia

The record in this matter reflects that mail addressed to Mr. Garcia at his address of record was being returned to the Court as undeliverable. (Doc. 5, 6, 7). On May 21, 2019, the Court issued an Order to Show Cause, directing Mr. Garcia to provide the Court with a current address or otherwise explain why his case should not be dismissed pursuant to Rule 41(b). (Doc. 8). Mr. Garcia did not respond to the Order to Show Cause, and additional mail to him has been returned as undeliverable. (Doc. 10, 11, 12, 13). The Court's research indicates that Mr. Garcia was released from custody by the Curry County Detention Center on April 3, 2019, the day before the complaint was filed, and has not provided a new mailing address.

Pro se litigants are required to follow the Federal Rules of Civil Procedure and simple, nonburdensome local rules. *See Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980). The local rules require litigants, including prisoners, to keep the Court apprised of their proper mailing address and to maintain contact with the Court. D.N.M. LR-Civ. 83.6. Mr. Garcia has failed to comply with D.N.M. LR-Civ. 83.6 by not keeping the Court apprised of his mailing address, has failed to comply with Court orders, and has failed to prosecute this case. The Court thus will dismiss Mr. Garcia's case. *Olsen*, 333 F.3d at 1204, n.3 (holding that the court may dismiss an action under Rule 41(b) for failure to comply with the rules of procedure or court orders).

**IT IS ORDERED** that the handwritten civil rights complaint filed by Plaintiffs Loydale Kirven and Esteven Garcia on April 4, 2019 (Doc. 1) is **DISMISSED** without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with 28 U.S.C. § 1915, D.N.M. LR-Civ. 83.6, and the Court's April 10, 2019 and May 21, 2019 Orders, and for failure to prosecute this proceeding.

_____
UNITED STATES DISTRICT JUDGE